**DEPOSIT GUARANTY BANK, Plaintiff,**

v.

**Mortimer L. HALL, Defendant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Citizens Bank, Houston, Texas.**

**Civ. A. No. H–89–3539.**

United States District Court, S.D. Texas, Houston Division.

July 2, 1990.

J. Michael Dorman, Liddell Sapp Zivley Hill & Laboon, Houston, Tex., for plaintiff.

Kenneth E. Rolston, Houston, Tex., for Mortimer Hall.

Walter Clay Cooke, Brown, Maroney & Oakes Hartline, Houston, Tex., for Federal Deposit Ins. Corp.

## ORDER

HOYT, District Judge.

Pending before the Court is Plaintiff's Motion for Summary Judgment (instrument number 15). Having considered the motion and the response thereto, the record on file, and the applicable law, the Court is of the opinion that the motion should be granted.

### Background

On November 22, 1988 and November 28, 1988, Defendant Mortimer Hall ("Hall") executed and delivered two promissory Notes for $35,000 and $80,000, respectively, to Citizens Bank ("Citizens"). Citizens was closed and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver on February 9, 1989. FDIC thereafter sold certain assets of Citizens, including Hall's notes referenced above, to Plaintiff Deposit Guaranty Bank n/k/a Team Bank ("Deposit Guaranty"). This transaction is evidenced in the Purchase and Assumption Agreement entered into by Deposit Guaranty and the FDIC. Deposit Guaranty is the owner of these notes, which are due and owing.

In addition to these notes, Deposit Guaranty also acquired from the FDIC a Purchase Agreement and a Trust Receipt, both of which had also been executed by Hall. The Purchase Agreement, executed on April 1, 1988, was additional collateral for and in consideration of a $336,240.00 loan to R.M. Truax. Hall agreed unconditionally to purchase the loan from Citizens in the event of Truax's default. It was further agreed in the Purchase Agreement that Hall would purchase the security interest in a number of shares held as collateral for the Truax note. The Trust Receipt, executed on April 1, 1988, indicates that Hall was holding in trust the shares that secured both Truax's original note with Citizens and the Purchase Agreement.

In sum, Hall is indebted to Deposit Guaranty for his two notes ($115,000) and for the balance due on the Truax note of $280,200.00 and for the shares held under the Trust Receipt.

The original complaint in this cause was filed in state court. Hall filed a counterclaim asserting that he executed the Purchase Agreement with Citizens on two conditions: 1) that the note and security agreement be secured by certain shares of stock and 2) that it was understood that Truax was primarily liable on the notes and all collection efforts would first be exhausted against him. The FDIC intervened in the state court action, because of Hall's counterclaim. In its Plea in Intervention, the FDIC asserts that the counterclaim is a claim against the estate of Citizens. The FDIC further asserts that it intervened in order to answer and defend the counterclaim. Upon the FDIC intervention, the cause was removed to federal court.

## Summary Judgment

Deposit Guaranty contends that it is entitled to summary judgment on four grounds: 1) it is not liable for the counterclaims asserted by Hall; 2) Hall is estopped from asserting his affirmative defenses against Deposit Guaranty; 3) Hall is liable for the amounts claimed under the Notes and the Purchase Agreement; and 4) Hall is liable to Deposit Guaranty under the Trust Receipt. The affirmative defenses and counterclaims asserted by Hall in the Original Answer and Original Counterclaim center around the alleged acts of negligence and misrepresentations made by Citizens Bank in negotiating the Notes, Purchase Agreement and Trust Receipt before the bank was closed. Hall also alleges that Deposit Guaranty is liable for the alleged wrongful acts of Citizens Bank.

Hall argues against summary judgment, contending that material issues of fact still exist as to the attachment and perfection of Deposit Guaranty's security interest in the shares of stock allegedly pledged to secure the Truax loan (Purchase Agreement); possible usury by Deposit Guaranty and whether Hall has any liability to Deposit Guaranty whatsoever; and the proper amount of interest that would be due and owing if Deposit Guaranty were correct in its other premises.

In order to grant the motion for summary judgment, F.R.Civ.P. 56(c) requires that there be "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial responsibility of pointing out to the court evidence which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmoving party must then "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

## Discussion

Under the terms of the Purchase and Assumption Agreement, Deposit Guaranty assumed and agreed to discharge all demand deposits and the time and savings deposits held by Citizens as of Citizens' closing date, February 9, 1989. Deposit Guaranty contends that in assuming these deposits, it did not succeed to the liabilities asserted by Hall in his counterclaim. In the counterclaim, Hall generally contends that Deposit Guaranty is liable for the alleged wrongdoing of Citizens.

Where a party purchases an asset, but not any liabilities under it, any claim against the liabilities must be asserted against the party retaining responsibility for the liabilities. *See Trigo v. Federal Deposit Insurance Corp.*, 847 F.2d 1499 (11th Cir.1988). Applying *Trigo* to the case at bar means that Deposit Guaranty cannot be held liable for the alleged wrongdoing by Citizens. Deposit Guaranty purchased Citizen's assets from the FDIC and agreed to be liable for those assets. Deposit Guaranty did not agree to assume any other liabilities under the Purchase and Assumption Agreement. As receiver, FDIC assumed liabilities associated with the transactions between Hall and Citizens, but the liabilities were not passed on to Deposit Guaranty in the Purchase and Assumption Agreement.

Hall has failed to offer *evidence* that liability from the transactions between Citizens and Hall was transferred to Deposit Guaranty. There is no evidence before this Court on which a jury could find for Hall on the argument that Deposit Guaranty

succeeded to the alleged liabilities of Citizens. *See Anderson v. Libertys Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Deposit Guaranty further argues that the *D'Oench, Duhme* doctrine as codified in 12 U.S.C. § 1823(e) applies to the notes and Purchase Agreement. The doctrine precludes claims of misrepresentation and wrongful inducement in the execution of notes based on secret inside agreements that will mislead banking authorities. Recently the Supreme Court has found that "one who signs a facially unqualified note subject to an unwritten and unrecorded condition ... has lent himself to a scheme or arrangement that is likely to mislead the banking authorities, whether the condition consists of a performance, of a counterpromise ... or of the truthfulness of a warranted fact." *Langley v. Federal Deposit Insurance Corp.,* 484 U.S. 86, 93, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987). This is exactly the situation now presented to this Court. The affirmative defenses and counterclaims that Hall asserts are based on conditions and agreements not set forth in either the notes or the Purchase Agreement. Hall is therefore liable on the notes and Purchase Agreement.

■ In order for Deposit Guaranty to have a valid security interest in the shares of stock securing the Truax note, Hall argues that attachment and perfection are required pursuant to Tex.Bus.Comm.Code, sec. 9.304. Section 9.304(a) provides that "[a] security interest in money or instruments (other than certificated securities or instruments which constitute part of chattel paper) can be perfected only by the secured party's taking possession, except as provided in Subsections (d) and (e) of this section...." Because Hall was holding the shares in trust for Citizens, the secured party, the secured party is presumed to be in possession. Hall has not provided the Court with *evidence* that possession did not perfect the security interest.

Pursuant to the Trust Receipt, Hall agreed to deliver the stock to Citizens or its assignee upon request. Request for delivery of the stock has been made and Hall has refused to deliver the stock. Hall is therefore liable to produce the stock held in trust for Deposit Guaranty.

It is the conclusion of this Court that Deposit Guaranty is not liable for the counterclaims asserted by Hall, that Hall is estopped from asserting his affirmative defenses against Deposit Guaranty, and that Hall is liable for the amounts claimed under the notes and the Purchase Agreement.

The only remaining issue in this lawsuit is whether there is a justiciable cause of action in Hall's counterclaim against FDIC as Receiver for Citizens.

It is therefore ORDERED that summary judgment should be granted in favor of Deposit Guaranty and against Hall for his two notes and for the Purchase Agreement, a total of $395,200.

It is further ORDERED that Hall produce the stock held in trust for Deposit Guaranty.